UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
FLORIDA - ORLANDO DIVISION

CIVIL ACTION NO.

PROPERTY REGISTRATION
CHAMPIONS, LLC d/b/a
PROCHAMPS, as successor in interest
to Community Champions, Inc., a
Florida corporation,

    *Plaintiff,*

vs.

KEVIN SIDELLA, individually and
d/b/a S J & B PARTNERS. A foreign
partnership

    *Defendants.*

## VERIFIED COMPLAINT REQUESTING MONETARY DAMAGES, A JURY TRIAL AND PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

Plaintiff, PROPERTY REGISTRATION CHAMPIONS, LLC d/b/a PROCHAMPS ("Prochamps") as successor in interest to Community Champions Corporation ("CCC") by and through undersigned counsel files its Verified Complaint against Defendant KEVIN SIDELLA ('SIDELLA"), an individual and S J & B PARTNERS, ("S J & B"), a foreign partnership, for monetary damages and injunctive relief.

### PARTIES

1. Prochamps is a Florida LLC, with a principal place of business at 1980 N Atlantic Ave, Suite 220, Cocoa Beach, FL 32931, whose members are all domiciled in the states of New York and Florida, and which conducts a property registration business in conjunction with and on behalf of communities throughout the nation and in Florida.

1

2. Prochamps partners with hundreds of communities across the United States. These communities contract with Prochamps to promote neighborhood health, safety, and welfare through property registration.

3. Prochamps works with these communities to enact best practice ordinances and researches and tracks properties in danger of non-compliance and compiles detailed statistical information about property history in a given community,

4. Prochamps regularly utilizes local consultants and relationship managers with explicit knowledge of the local communities and decision-makers to work directly with its customer clients in identifying and meeting their needs.

5. One such consultant utilized by Plaintiff, Prochamps was Strategic Affairs Consulting. LLC, a Pennsylvania corporation, which on March 15, 2016, subcontracted with Defendant, S J & B Partners, of which entity, Defendant, Kevin Sidella was a partner. (See Exhibit A)

6. S J & B Partners, upon information and belief was a Pennsylvania Partnership, whose partners were at all times material hereto domiciled in the Commonwealth of Pennsylvania, and who operated its business activities from the address of 219 State Street, Harrisburg, PA 17101.

7. Kevin Sidella is an individual who is and was at all times material hereto domiciled in the Commonwealth of Pennsylvania, who, upon information and belief residing at all times material hereto at 2317 Scarsborough Drive, Harrisburg, PA 17112-6036

8. While working as a subcontractor for Strategic Affairs Consulting, LLC, Sidella accepted an employment position on September 29, 2017, directly for Community Champions Corporation, the predecessor to Prochamps. (See Exhibit B). This position was in addition to, and not in lieu of, his role as a subcontractor. During the time in which he worked as a contractor, Prochamps paid Sidella in excess of $75,000. Sidella terminated this position as of May 1, 2020.

9. In his capacity as subcontractor, Sidella was subject to all limitation in the contract between Community Champions Corporation and Strategic Affairs Consulting, LLC and was contractually subject to confidentiality requirements which prohibited him from disclosing any information about the client Community Champions Corporation/ Prochamps during the term of the subcontract and for two years thereafter. (See Exhibit A).

10. In addition, the subcontract contained a non-compete clause pursuant to which Sidella agreed not to work for any other contractor promoting similar registration systems for the term of the subcontract and for three years thereafter. (See Exhibit A). In addition, in his capacity as employee, Sidella was directly prohibited from assisting any person or company who was competing with Community Champions Corporation. (See Exhibit B)

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over the Parties and the claims of this action pursuant to 28 U.S.C. § 1332(a)(2) because the action is between citizens of different states and the amount in controversy exceeds $75,000.

12. This Court has personal jurisdiction over the Parties pursuant to the minimum contacts between Defendant Sidella and Plaintiff as the employment contract between Plaintiff and Defendant specifies Defendant's employment location to be Plaintiff's corporate headquarters in Melbourne Florida.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because the Plaintiff's maintains its principal place of business within the Middle District of Florida, which was Defendant's contractual employment location and because a substantial portion of the events that gave rise to the Plaintiff's claims and requests for relief herein occurred within the Middle District of Florida.

## FACTUAL BACKGROUND

14. Prochamps has learned that within months of discontinuing his subcontractor work and employment for Prochamps, Defendant Sidella has formally affiliated himself with Hera Registry and is assisting Hera Registry in directly competing with Prochamps in bidding on and taking community accounts in Pennsylvania, which had previously been community customers of Prochamps

15. As a result of Defendant's breach of contract in communicating with companies in direct competition with Prochamps and in disclosing proprietary information to said entities during the contract period, and in assisting said competitors in directly bidding on contracts previously administered by Plaintiff Prochamps, Prochamps has lost the benefit of its bargain with consultant Sidella, who breached his obligation to work in Prochamps' best interests, and, as a result,

3

Prochamps has been harmed financially in an amount if excess of $75,000, by the disclosure of valuable and proprietary information in which it invested significant assets to develop and protect, and in the direct loss of valuable contracts and customers by the actions of Sidella.

16. As a result of Defendant's breach of contract in assisting entities seeking to make a competing proposal for Prochamps on-going contracts with multiple communities in Pennsylvania, including, but not limited to Erie County, Pennsylvania, Prochamps lost existing customers and risks losing additional clients, which will result in out-of-pocket losses of significant amounts.

17. Upon information and belief, Sidella has also solicited additional community clients on behalf of Hera Registry, including Susquehanna Township and Lower Paxton Township, Pennsylvania.

18. Defendants as former subcontractors to a consulting partner of Plaintiff, Prochamps and former employee have wrongfully competed with Plaintiff and interfered with Plaintiff's property registration business, after entering into a subcontract with a business providing consulting services to Prochamps, Defendants gathered confidential and proprietary information about Prochamps' business and utilized this information to solicit business from third parties performing similar services and providing those competing companies information and connections with Prochamps' clients thereby assisting said competitors solicit business from Prochamps' customers to the detriment of Prochamps.

19 After leaving their subcontract/ employment position with Prochamps consulting partner, Defendant directly solicited customers of Prochamps on behalf of his new client, Hera Registry. In addition, Defendant has taken steps to cause, irreparable and immediate harm to Plaintiff's business operations by utilizing proprietary information to solicit Plaintiff's customers on behalf of Plaintiff's competitors Plaintiff seeks injunctive relief to prevent Defendant from inflicting such harm on Plaintiff.

## COUNT I – INJUNCTIVE RELIEF AGAINST S J & B AND SIDELLA

20. The Plaintiff realleges, reaffirms, and incorporates by reference paragraphs 1 through 19 above as if fully set forth herein.

4

21. The Plaintiff is entitled to injunctive relief enjoining the Defendants, and any partners, agents, servants, employees, and attorneys from (a) proceeding with any future solicitations of Plaintiff's customers or former customers (b) utilizing any proprietary information learned from Plaintiff in its business relationships and (c) taking any actions to interfere with the Plaintiff's delivery of property registration services to any existing clients or former clients with whom Defendants obtained access as a result of their work on Plaintiff's behalf.

22. Defendants are liable to Plaintiff for, inter alia, breach of contract and unjust enrichment. There is no dispute that Defendants have attempted to compete directly with Plaintiff in its role in working on behalf of Hera Registry in violation of the non-compete provisions of its subcontract and employment agreement. Moreover, there is no dispute that Defendants have threatened to interfere with Plaintiff's business relationships,

23. Plaintiff will be irreparably harmed if the Defendants, and officers, agents, servants, employees, or attorneys, continue communicating with and soliciting its former and current community customers with the purpose of interfering with Plaintiff's business relationships.

24. There will not be substantial harm to the Defendants due to an injunction. The relief requested will only result in the Defendants being enjoined from wrongfully damaging Plaintiff's business operations.

25. There is no adequate remedy at law because Defendants' conduct is of a continuing nature in that Defendants continues to actively target Plaintiff's business partners, clients, and prospective clients in the solicitation of services using improper means and proprietary information. As this information is disseminated, it permanently loses its value to Plaintiff in a manner in which money reimbursement will not make Plaintiff whole.

26. The public has a strong interest in the promotion of fair business practices and in preventing wrongful interference with business operations. All of the equities and other factors weigh heavily in favor of granting the requested relief. Accordingly, Plaintiff seeks preliminary and permanent injunctive relief.

## COUNT II - BREACH OF EMPLOYMENT CONTRACT AGAINST SIDELLA

27. Plaintiff realleges and reaffirms the allegations of the preceding paragraphs 1-19 as if fully set forth herein.

28. Beginning in 2017, the predecessor of Plaintiff Prochamps and Defendant, Sidella had a consulting agreement in place pursuant to which Defendant, Sidella agreed that he would abide by a non-Complete and confidentiality provisions set forth therein. See Exhibit B)/

29. Upon information and belief, Sidella breached the foregoing provisions by communicating with direct competitors of Prochamps during the term of the contract and thereafter and assisting at least one such entity, Hera Registry to bid on and acquire contracts from Prochamps former community partners.

30. Subsequent to his direct term working as a consultant with Prochamps, Defendant Sidella entered into a formal business relationship for Hera Registry which performs similar or identical work as Prochamps, who traditionally has competed for the same property registration contracts as Prochamps and in at least one instance, who outbid Prochamps for a contract renewal., causing Hera Registry to secure said contract and Prochamps to lose its contract with an existing customer.

31. As a result of Defendant's breach of contract, Plaintiff was denied the benefit of the negotiated bargain with Defendant Sidella, thus is entitled to reimbursement of all amounts paid Sidella under the contract for the period 2017 – 2020 inclusive, which amounts are in excess of $75,000.00 exclusive of interest, costs, and attorney's fees.

32. As a result of breaches of Defendant Sidella in assisting competitors to successfully outbid Plaintiff Prochamps for contract renewals, the specifics of which will come to light in discovery, Plaintiff, Prochamps lost direct existing business, future business and potential business opportunities resulting in financial losses in an amount in excess of $75,000, exclusive of interest, costs, and attorney's fees.

WHEREFORE, Plaintiff PROPERTY REGISTRATION CHAMPIONS, LLC d/b/a PROCHAMPS demands judgment against Defendant, KEVIN SIDELLA, for damages in an amount in excess of $75,000, plus interest, costs, and fees, and such other and further relief as this Court may deem just and proper.

## COUNT III – TORTIOUS INTERFERENCE WITH A BUSINESS RELATIONSHIP AGAINST SIDELLA

33. The Plaintiff realleges, reaffirms, and incorporates by reference paragraphs 1 through 19 above, as if fully set forth herein.

34. Defendant has begun to usurp Plaintiff's business relationships by utilizing proprietary information to its advantage in soliciting Prochamps customers.

35. Upon information and belief, Defendant, Sidella is directly affiliated with Hera Registry, which competes with Prochamps in the property registration business.

36. Utilizing proprietary information provided by Sidella, and with Sidella's direct involvement, Hera Registry has approached community customers of Prochamps soliciting work.

37. Customers of Prochamps, not knowing Sidella obtained his information in violation of contract have been convinced to terminate service contracts with Prochamps.

38. As a result of this interference, Plaintiff has been damaged as the direct and proximate consequence of the Defendant's knowing and intentional actions interfering with other business relationships.

39. Accordingly, the Plaintiff is entitled to judgment in its favor for damages, costs, and interest against the Defendant, in an amount to be determined at trial.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, PROPERTY REGISTRATION CHAMPIONS, LLC d/b/a PROCHAMPS, as successor in interest to Community Champions Corporation, seeks judgment in its favor and against the Defendants KEVIN SIDELLA ('SIDELLA"), an individual and S J & B PARTNERS, for: (a). Preliminary and permanent injunctive relief; and (b). An expedited hearing be held

on its request for a Preliminary Injunction; and (c). Actual damages in an amount in excess of $75,000 to be proven at trial, and (d). Interest and costs; and (e). Such other and further equitable relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), the Plaintiff requests a trial by jury in this matter on all issues so triable.

The Law Office of Stephen Barker
901-A Clint Moore Road
Boca Raton, FL 33487
561-886-8352
slb@stephenbarkerlaw.com

BY: _____
STEPHEN L. BARKER, ESQ
FLORIDA BAR NUMBER 55357.

Verification

I, Stephen Arpaia, declare as follows:

1. I am general Counsel for Plaintiff, Property Registration Champions, LLC, ("Prochamps") in the present case, a citizen of the United States of America, and a resident of the State of Florida

2. I have personal knowledge of the actions and activities of Plaintiff, Prochamps and Defendants, Kevin Sidella and S J & B Partners, as set out in the foregoing Verified Complaint for Monetary Damage and Injunctive Relief; and if called on to testify I would competently testify as to the matters stated herein.

3. I verify under penalty of perjury under the laws of the United States of America and the State of Florida that the factual averments in this Complaint concerning Prochamps, Kevin Sidella and S J & B Partners, and all matters set forth in the subject Complaint are true and correct. 28 U.S.C § 1746

Stephen Arpaia, Esquire